966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerome L. SAVAGE, Sr., Individually, and in his capacity as
Personal Representative of the Estate of Ann B.
Savage, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 91-2585.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 6, 1992
Decided: June 8, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CA-90-3124-MJG)
 ARGUED: Harvey Greenberg, Law Offices of Harvey Greenberg, P.A., Baltimore, Maryland, for Appellant.
 Jeanette Plante, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 ON BRIEF: Lori Simpson, Law Offices of Harvey Greenberg, P.A., Baltimore, Maryland, for Appellent.
 Richard D. Bennett, United States Attorney, Juliet Eurich, Chief, Civil Division, Baltimore, Maryland, for Appellee.
 D.MD.
 AFFIRMED.
 Before RUSSELL and HALL, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The Appellant* contests the district court's decision to grant the United States' motion to dismiss. Because the district court received and considered submissions outside the pleadings, we will treat the dismissal as a grant of summary judgment. See Fed. R. Civ. P. 12(c). Our review of the record reveals that the district court correctly determined that the administrative claim was untimely and we, therefore, affirm.
 
 I.
 
 2
 Ann B. Savage received medical care and treatment from the Veteran's Administration (VA) from 1974 until shortly before her death. On September 4, 1986, the VA diagnosed Mrs. Savage as having a urinary tract infection, discharged her, and told her she could proceed with a planned trip to Florida. On September 8, 1986, she was admitted to a hospital in Florida where, on September 13, 1986, she died from acute viral hepatitis. Appellant contends the VA negligently failed to detect Ann Savage's hepatitis on September 4, 1986.
 
 
 3
 The death certificate issued September 15, 1986, stated the cause of death was acute myocardial infarction due to arteriosclerotic cardiovascular disease and diabetes mellitus. Acute viral hepatitis was listed as a contributing condition. A Necroscopy Report that same date included these Provisional Gross Anatomical Diagnoses:
 
 
 4
 Clinical history of acute viral hepatitis (HBsAg) positive....
 
 
 5
 Mild hepatomegaly (750 grams) without gross evidence of softening, necrosis, or fibrosis....
 
 
 6
 Liver: ... The sectioned surface of the liver reveals an essentially normal gross pattern with some yellow discoloration but otherwise unremarkable gross findings.... The extrahepatic bile ducts are normal.
 
 
 7
 On October 9, 1986, the treating physician in Florida, Dr. Morton Weinstein, wrote to Jerome Savage, Sr.:
 
 
 8
 A definitive [pathology] report will be out shortly and I will send you a copy of that. Acute hepatitis B is the final diagnosis as to the cause of your wife's illness and demise. There are questions relative to this in that this hepatitis B is a disease that is transmitted by needle stick or blood products and the exact source of your wife's hepatitis is not clear to me. That she had the disease is not in doubt but how she contracted it is of course a question mark.
 
 
 9
 (Emphasis added.) The Necroscopy Report including the Final Gross & Microscopic Anatomical Diagnoses was prepared on January 9, 1987:
 
 
 10
 Clinical history of acute viral hepatitis, HBsAG positive....
 
 
 11
 Massive necrosis of the liver (acute yellow atrophy)....
 
 
 12
 Liver: Massive hepatocellular necrosis is seen with only a few bile ducts remaining as histologically intact. Virtually no intact heptocytes are seen. There is no evidence of obstructive, granulomatous or neoplastic disease.
 
 
 13
 Savage's original administrative claim, dated October 26, 1988, was received by the VA on October 31, 1988. By letter dated October 2, 1990, Appellant's counsel was advised that both the original and amended administrative claims were denied because they were not filed within two years of Ann Savage's death.
 
 
 14
 This suit was filed in district court on December 3, 1990. The government argued that the administrative claim was untimely. That court agreed and granted the government's motion to dismiss.
 
 II.
 
 15
 The VA received Appellant's original claim October 31, 1988. See 38 C.F.R. § 14.604(b) (1988) (claim deemed"presented" when Form 95 received by VA). To bring his FTCA suit, Appellant had to meet two timeliness requirements. First, he had to file his administrative claim within two years after it accrued. Second, he had to file the action in district court within six months of the final administrative denial of his claim. Schuler v. United States, 628 F.2d 199, 201-02 (D.C. Cir. 1980) (en banc); 28 U.S.C. §§ 2401(b), 2675(a) (Supp. 1991). The timing of his administrative claim is the issue here.
 
 
 16
 In cases such as this, the Discovery Rule controls the inception of the limitations period. A claim accrues when the claimant knows, or in the exercise of due diligence should have known, of both the existence and cause of injury. Once in possession of these critical facts, the claimant is put on notice to seek medical and legal advice as to whether the acts were actionable. United States v. Kubrick, 444 U.S. 111, 122-24 (1979). Jerome Savage knew of the existence of the injury (death) on September 13, 1986. He argues that he neither knew, nor should have known, of the cause of the injury until the January 9, 1987 Necroscopy Report.
 
 
 17
 We disagree. The latter Report merely provided corroboration for the October 9, 1986 letter. Upon receipt of the October letter, in which the treating physician unequivocally stated that acute hepatitis B was the cause of Ann Savage's illness and death, Mr. Savage knew or should have known the cause of injury. See Nicolazzo v. United States, 786 F.2d 454, 457 (1st Cir. 1986) (claim accrues when physician diagnoses cause of injury); Stoleson v. United States, 629 F.2d 1265, 1270 (7th Cir. 1980) (same). The commencement of the limitations period does not await the discovery of every fact which helps prove the claim. Gould v. United States, 905 F.2d 738 (4th Cir. 1990) (en banc), cert. denied, U.S., 111 S. Ct. 673 (1991). At oral argument, counsel for Appellant stated that Jerome Savage makes no contention that he received the Weinstein letter after October 31, 1986. Thus, the administrative claim was not timely filed and the district court's judgment dismissing the claim is affirmed. It is unnecessary to reach other issues.
 
 AFFIRMED
 
 
 *
 Jerome L. Savage, Sr. suing on his own behalf and as personal representative for the Estate of Ann B. Savage, his deceased wife